UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALISIA ALVA HAMMETTE | * | CIVIL ACTION |
| VERSUS | * | NO. 25-914 |
| OCHSNER CLINIC FOUNDATION | * | SECTION "I" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiff Alisia Alva Hammette's Motion for Protective Order seeking a blanket protective order to preclude public disclosure of the identity of any witness in this case. ECF No. 17. Defendant Ochsner Clinic Foundation filed an Opposition Memorandum indicating that, while it has no opposition to entry of a standard protective order governing discovery, Plaintiff has not established good cause necessary to justify either her requested blanket restriction on the disclosure of the identity of witnesses or the requested prohibition on defense counsel's contacts with witnesses outside of formal discovery. ECF No. 20.

No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary. Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion for Protective Order is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

**I.    BACKGROUND**

Plaintiff filed suit alleging discrimination and hostile work environment against her former employer. ECF No. 1. Plaintiff's Amended Complaint alleges that, after she reported alleged false rumors regarding her relationship with a co-worker, Ochsner took no action to stop the rumor. ECF No. 18 ¶¶ 7-8. Plaintiff also alleges that, after a co-worker approached and harassed her in a hostile manner and made false accusations, Ochsner failed to investigate the matter and, instead, improperly suspended her without pay and later terminated her employment. *Id.* ¶¶ 13-14.

1

Plaintiff contends that Ochsner subjected her to a hostile environment and its decision was discriminatory based on her sex/sexual orientation and retaliatory. *Id.* ¶¶ 15, 21-25.

Plaintiff seeks a Protective Order on the basis that public disclosure of the identity of her witnesses would expose them to potential retaliation, intimidation or harassment because the witnesses are former or current employees or patients. ECF No. 17 at 2. She asks that the Court enter an order directing that the names and identifying information of her witnesses be filed under seal and disclosed only to defense counsel and the Court and that Defendant and its counsel be prohibited from retaliating against, contacting, or otherwise intimidating these witnesses outside the formal discovery process. *Id.*

## II.   APPLICABLE LAW

### A.  Standard for Protective Order

Under Rule 26, a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). A protective order may forbid discovery or specify terms for discovery. *Id.* at 26(c)(1)(A)-(B). Indeed, Rule 26 offers a variety of potential options that the court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters. *Id.* at 26(c)(1)(D).

"Good cause" exists when disclosure will result in a clearly defined and serious injury to the party seeking the protective order.[1] In determining good cause, the court must balance the risk of injury without the protective order and the requesting party's need for information.[2] The party seeking the protective order bears the burden of showing that a protective order is necessary, "which contemplates a particular and specific demonstration of fact as distinguished from

---

[1] *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994) (citation and quotation omitted).
[2] *Blanchard & Co. v. Barrick Gold Corp.*, No. 02-3721, 2004 WL 737485, at *5 (E.D. La. Apr. 5, 2004).

stereotyped and conclusory statements."³  Courts have superimposed a somewhat demanding balancing of interests approach to the Rule, comparing the hardship to the party against whom discovery is sought against the probative value of the information to the other party and considering any relevant public interests in the analysis.⁴

A district court may exercise its sound discretion in determining how far to restrict discovery, and in particular, the decision whether to grant or deny a request for a protective order is entrusted to the district court's sound discretion.⁵  The trial court enjoys wide discretion in setting the parameters of a protective order.⁶

### B. Standard for Sealing

"Judicial records belong to the American people; they are public, not private, documents[,] [a]nd [t]he public's right of access to judicial records is a fundamental element of the rule of law."⁷ Independent of the parties' interests, the public has an interest in transparent court proceedings, which promotes trustworthiness of the judicial process, curbs judicial abuses, and provides the public with a more complete understanding of the judicial system, including a better perception of its fairness.⁸  Thus, "the working presumption is that judicial records should not be sealed."⁹

The sealing of judicial records is thus the exception rather than the norm, and courts should be ungenerous with their discretion to seal judicial records.¹⁰  Litigants do sometimes have good reasons to file documents under seal, such as protecting trade secrets or the identities of

---

³ *E.E.O.C. v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (citing *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978))).
⁴ *Cazorla v. Koch Foods of Miss., L.L.C.*, 838 F.3d 540, 555 (5th Cir. 2016).
⁵ *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 n.27 (5th Cir. 1999) (citation omitted).
⁶ *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").
⁷ *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022) (alterations in original) (citations omitted).
⁸ *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 210 (5th Cir. 2019) (quotation omitted).
⁹ *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419 (5th Cir. 2021) (citation omitted).
¹⁰ *See id.* at 417-19 (citations omitted); *June Med. Servs.*, 22 F.4th at 519-21 (same).

confidential informants.[11] While there is a presumption of public access to judicial records, the public's access is not absolute.[12] "In exercising its discretion to seal judicial records, the court must balance the public's common law right of access against the parties' interests favoring nondisclosure."[13] Courts have the discretion and power to seal court records, which should be used "charily."[14] Sealing court documents "must be justified and weighed against the presumption of openness that can be rebutted only by compelling and countervailing interests favoring nondisclosure."[15] This requires the movant to not only point to specific confidential information contained in the document, but also show the specific harm that would be suffered if the public were granted access to this document.[16]

The party seeking to overcome the presumption of public access bears the burden to show that its privacy interests outweigh the presumption, and the court should construe any doubt in favor of disclosure.[17] To determine whether a judicial record should be sealed, the court must undertake a case-by-case, document-by-document, line-by-line balancing of the public's common law right of access against the party's interests favoring nondisclosure.[18]

---

[11] *Binh Hoa Le*, 990 F.3d at 419.
[12] *See, e.g.*, *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015) (recognizing that a court may seal documents that contain confidential business information (citations omitted)); *Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2020 WL 4897905, at *9 (E.D. La. Jan. 8, 2020) (noting that courts have recognized "parties' strong interest in keeping their detailed financial information sealed" because the public has a "relatively minimal interest in [that] particular information" (citations omitted)); *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp.*, *Inc.*, No. 97-3012, 1998 WL 186728, at *1 (E.D. La. Apr. 17, 1998) (maintaining exhibit under seal because the document contained sensitive and proprietary financial information about individual dealerships that, if unsealed, could cause commercial and competitive harm to such dealers).
[13] *Van Waeyenberghe*, 990 F.2d at 848 (citing *Nixon*, 435 U.S. at 599).
[14] *Id.* (quoting *Fed. Sav. & Loan Ins. Corp. v. Blain*, 808 F.2d 395, 399 (5th Cir. 1987)); *see Nixon*, 435 U.S. at 598–99; *Belo Broad. Corp. v. Clark*, 654 F.2d 423, 430 (5th Cir. Unit A Aug. 1981).
[15] *Binh Hoa Le*, 990 F.3d at 421.
[16] *Omega Hosp., LLC v. Cmty. Ins. Co.*, No. 14-2264, 2015 WL 13534251, at *4 (E.D. La. Aug. 12, 2015) (Barbier, J) (citing *N. Cypress Med. Ctr. Operating Co.*, 781 F.3d at 204).
[17] *Weiss v. Allstate Ins. Co.*, No. 06-3774, 2007 WL 2377119, at *4 (E.D. La. Aug. 16, 2007) (Vance, J.) (citations omitted).
[18] *Binh Hoa Le*, 990 F.3d at 419 (citation omitted).

**III.    ANALYSIS**

The identity and location of witnesses with relevant knowledge is "deeply entrenched" in the federal court practice.  FED. R. CIV. P. 26(b)(1) advisory committee's note to 2015 amendment; 8 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2013, at 279–82 (3d ed. 2010) (Pursuant to Rule 26(b)(1), "courts have repeatedly allowed discovery of the names and locations of persons with knowledge of the facts. . . . The thought is that when a party has learned who the witnesses are and where they may be found that it can then interview the witnesses, take their depositions, or otherwise find out what information they may have.").  And the law already precludes the concerning conduct identified by Plaintiff.  For instance, Title VII's participation clause prohibits retaliation against a witness in a discrimination proceeding.[19]  Likewise, Rule 4.4 of the Louisiana Rules of Professional Conduct requires a lawyer respect the rights of third persons and precludes a lawyer from seeking to embarrass, delay or burden a third person.  LA. CODE PRO. CONDUCT r. 4.4(a).

In any event, Plaintiff appears to confuse the legal standards governing protective orders versus sealing orders.  The standard for placing a document under seal is different from the standard governing whether unfiled discovery should be kept confidential.[20]  A civil litigant gains information through the discovery process as a matter of legislative grace.[21]  The prevention of the abuse that can attend coerced production of information in discovery is sufficient justification for the authorization of protective orders.  In contrast, the standard for placing a document under seal is different from the standard governing whether unfiled *discovery* should be kept confidential.[22]

---

[19] 42 U.S.C. § 2000e-3(a); *E.E.O.C. v. Rite Way Serv., Inc.*, 819 F.3d 235, 239 (5th Cir. 2016) (noting that Title VII's antiretaliation provision protects a person who makes a charge, testifies, assists or participates in any manner in an investigation, proceeding, or hearing under Title VII (citing § 2000e–3(a))).
[20] *See Bin Hoa Le,* 990 F.3d at 419-20.
[21] *Seattle Times Co.*, 467 U.S. at 32.
[22] *Binh Hoa Le*, 990 F.3d at 420.

While Plaintiff expresses concerns that identified witnesses may be subjected to retaliation, intimidation or harassment, she offers nothing other than conclusory assertions regarding those risks. Plaintiff's speculation and unsubstantiated conclusion in support of her request for a protective order governing witness identities for fear of potential retaliatory action by Defendant fall far short of the particular and specific demonstration of fact necessary to support entry of a protective order, much less a sealing order.[23]

### IV.   CONCLUSION

Plaintiff has not established good cause to issue a protective order nor has she established the necessity to seal the identity of witnesses from the public under the stricter balancing test required for sealing documents.[24] The Court will, however, enter a standard protective order to govern this matter, which includes a limitation on the disclosure of information to purposes of this litigation and enables the parties to mark information produced during discovery as confidential. Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion for Protective Order (ECF No. 17) is GRANTED IN PART AND DENIED IN PART. A Protective Order as indicated herein will be issued separately.

Dated this __7th__ day of October, 2025.



DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[23] *See Randleman v. La. Sugar Ref., LLC*, No. 17-3532, 2018 WL 1693004, at *2 (E.D. La. Apr. 6, 2018).
[24] *June Med. Servs.*, 22 F.4th at 521(citing *Binh Hoa Le*, 990 F.3d at 419 ) (quoting FED. R. CIV. P. 26(c)(1)).